532

### BEARD, Petitioner, v. STATE OF OHIO and ALVIS, Warden, Respondent.

Ohio Appeals, Second District, Franklin County.

No. 4537.   Decided July 6, 1951.

Donald F. Stair, Columbus, for petitioner.
Hon. C. William O'Neill, Atty. Genl., Max H. Dennis, Asst. Atty. Genl., Columbus, for respondent.

## OPINION
By MILLER, J.

This is an original action in habeas corpus wherein the petitioner is seeking his release from the Ohio State Penitentiary.

The record reveals that on October 2, 1928, the Petitioner was indicted under §12400 GC for the crime of murder in the first degree. Preliminary to the trial on the indictment he was found to be insane and was ordered committed to the Lima State Hospital for the criminal insane until restored to reason. He remained at the Lima State Hopsital until April 16, 1934, when it was found that his reason had been restored and he was returned to Cuyahoga County for trial on the 1928 indictment. Upon trial being had the jury returned a verdict of guilty without a recommendation of mercy, which verdict was vacated on July 5, 1934, upon the granting of a motion for a new trial. Thereupon the petitioner retracted his plea of not guilty and entered a plea of guilty to the indictment. Upon this plea the Court by entry

dated July 11, 1934, recommended mercy and sentenced him to a life term in the Ohio Penitentiary. The Court accepting this plea and sentencing the petitioner, consisted of only one judge. The petitioner was received at the Ohio Penitentiary on July 11, 1934, and is still in the custody of the warden of that institution.

The pertinent questions presented are:

(1) Did the Common Pleas Court of Cuyahoga County, consisting of only one judge, have jurisdiction to accept the plea of guilty and sentence the petitioner after the effective date of §13442-5 GC, which requires the impaneling of a three-judge court to determine the degree of the offense and pronounce sentence where the accused enters a plea of guilty to murder in the first degree?

(2) Does the finding and filing of an indictment constitute a pending criminal action within the purview of §26 GC, saving such prosecution from the effect of a later enactment repealing the effective statute at the time of the indictment?

The petitioner relies upon the case of **In re Knight, 73 Oh Ap 547**, wherein it was held that since the enactment of §13442-5 GC, one judge has no jurisdiction to entertain a plea of guilty to first degree murder or to impose sentence thereon. Counsel for the respondent are in agreement with the legal principle announced in this case, but point out that it is distinguishable upon the facts from the case at bar, in that the indictment in the Knight case was returned during the April term of the year 1934, a date subsequent to the effective date of §13442-5 GC, while in the case at bar the indictment was returned on October 2, 1928, a date prior to the effective date of said statute, which became effective October 18, 1933. The applicable section which was in effect at the date of the rendering of the indictment herein was §13692 GC, and which reads as follows:

"Upon an indictment, the jury may find the defendant not guilty of the offense charged but guilty of an attempt to commit it, if such attempt is an offense at law. When the indictment charges an offense including different degrees, the jury may find the defendant not guilty of the degree charged and guilty of an inferior degree thereof. If the offense charged is murder, and the accused is convicted by confession in open court, the court shall examine the witnesses, determine the degree of the crime, and pronounce sentence accordingly."

This section was construed in the case of **State v. Habig, 106 Oh St 151**, to the effect that the court consisting of one

judge was empowered to accept a plea of guilty upon a first degree murder charge and to impose sentence. At page 165 Chief Justice Marshall says:

"It was the undoubted legislative intent that all persons guilty of murder in the first degree, whether so found by the verdict of a jury or established by confession in open court, should have mercy if the facts and circumstances warranted it. This authority was in terms conferred only upon the jury, but §13692 GC confers upon the court certain powers which render the action of a jury unnecessary. The accused has confessed his guilt of homicide, thereby waiving the determination of a jury upon that question, but has not waived all consideration of the question of mercy. No legislative provision having been made for impaneling a jury after a confession of guilt in open court, it must be held that the legislature intended that all functions of the jury that could be exercised in defendant's behalf might lawfully be exercised by the court."

It is therefore our conclusion that at the date of the institution of the criminal proceedings a one judge court was empowered to accept the plea of guilty and to sentence the petitioner herein.

The question next arises as to the effect of §13442-5 GC which became effective in the interim between the date of the indictment and the entering of the plea of guilty. This, we think, is controlled by §26 GC which provides as follows:

"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

It is our conclusion that the finding and filing of the indictment on October 2, 1928, was sufficient to qualify the charges against the petitioner as a pending prosecution within the wording of this section.

In the case of **Harnett v. State, 42 Oh St 568,** it was held that from the time of the defendant's arrest and commitment on a charge of murder there was a prosecution within the meaning of the Revised Statute, Section 79, the wording of which is identical with the provisions of present §26 **GC.** In the cited case the Court clearly states its conclusion at page 576 as follows:

"Then as early as the arrest and commitment, for a crime for which he is afterwards indicted, the cause or prosecution is pending."

See also **State v. Morrow, 90 Oh St 202;** Dennison v. State, 45 C. C. 748; **Bergin v. State, 31 Oh St 111; 37 O. Jur. 432; Beach v. Glander, 153 Oh St 147.**

We therefore find that at the time that sentence was imposed upon this petitioner under the facts presented one judge was empowered with the authority to accept the plea of guilty and pronounce sentence thereon.

The application will be denied.

HORNBECK, PJ, WISEMAN, J, concur.